*BARGEBUR* & *AL.* vs. *THEIR CREDITORS,* *ante,* 496.

*Pierce* on an application for a rehearing.

If justice is even handed, that which is meted to defendant, is meted to plaintiff, and *vice versa*—if a rule is taken, which if refused you may appeal from, if granted, I may appeal —because the very fact of your being permit-

East'n District.
*May,* 1824.

BARGEBUR &
AL.
*vs.*
THEIR CREDI-
TORS.

ted to appeal, shows that some irremediable injury would in the opinion of the court have accrued to you; by refusing the rule, therefore by granting it some permanent benefit is obtained to you,—now if some permanent benefit is secured, I who am opposed contradictorily to you, must be suffering under a permanent or irremediable injury—unless the lower court was really right in allowing your motion or rule. Where is this to be adjudged? Why surely in the appellate court, which was constituted for that purpose. Now in this case, had I succeeded in rejecting Morris and Carter & Oliver & co's application, they might have appealed, because it is an irremediable injury worked them. Why? Because they would have to wait until the court or some creditor called upon the syndic to make distribution,—but if they succeed in their application, what is the injury to the syndic it is asked—why, that he must make up his accounts, and present in court his bank book, waiting there all day at its leisure, at the call of two people, who have no manner of right to take him away from his own affairs or the business of the estate, as they are not creditors, and this not only once or twice, but as often

East'n District.
*May*, 1824.

BARGEBUR &
AL.
*vs.*
THEIR CREDI-
TORS.

as they choose.  Is this not an injury and an irremediable one, that the costs of the insolvency should be encreased by these repeated rules, by the counsel each time consulted and engaged, by the time uselessly consumed at the call of every man who may have been once a creditor, or who may never have had any connection whatever with the estate? If *A* can do it this Saturday, *B* can the next, and so on through the alphabet, until wearied and fatigued, the syndic abandons the administration, or refuses to obey the rule of the court and is turned out of his office, and obliged to pay the expenses of the meeting of creditors held to supply his place. This brings me to the other consideration—suppose after the rule is made absolute as in the present case it is, I refuse obeying it—I am turned out of my situation as syndic, and compelled to pay the expenses of the next meeting of creditors ; this I imagine will be called a final judgment, may I not appeal from the order of court, divesting me of my character as syndic, and ordering me to pay whatever expenses may accrue ? But what is the difference in my appealing from the rule when made absolute, or from the immediate consequence of the rule having been

East'n District.
*May*, 1824.

BARGEBUR &
AL.
*vs.*
THEIR CREDI-
TORS.

made absolute—if the rule was founded in error, I am not bound to obey it, if I am compelled to pay fifty or a hundred dollars, and lose my syndicship, suffer me then to appeal, and save myself from these disastrous consequences.

One little word as to the merits,—with respect to Morris, Carter, Oliver & co. I have filed my *tableau* of distribution. I have told them that whatever funds the estate may have, they are not creditors and shall not receive any—is it not better for themselves and for the estate, that they should be told so in the beginning? They have a trial to go through, it must be faced sooner or later, and it is certainly preferable, the moment they assume ficticious characters, to attack and unmask them, than to be gulled and hurried or retarded by them for months, as suits their whims or interest, and at the close to find them the *debtors*, instead of creditors of the estate, who have been anxious that the accounts should be closed, and the syndic discharged, before they should be discovered, or recovery obtained.

PORTER, J. delivered the opinion of the court. In this case an application is made for a rehearing. The point on which the case was

East'n District.
*May*, 1824.

BARGEBUR &
AL.
*vs.*
THEIR CREDI-
TORS.

decided, appeared to us on the first considera-
tion of it extremely clear ; it was simply this,—
that an order of the district court decreeing the
syndic of an insolvent's estate, to produce his
bank book for the inspection of a creditor, was
not a " grievance irreparable," and that no
appeal lay from such a decision to this tribunal.
After attentively weighing the arguments by
which this application has been supported, we
still continue of opinion, that an order on a
syndic to produce his bank book in court, does
not, nor cannot in any hypothesis, work an
irreparable injury :—indeed if the syndic be
acting honestly, and wishes to continue in
the same course, it requires some acuteness to
conceive how such an order can work any in-
jury whatever, still less an irreparable one.

The opinion, which we expressed, has been
principally impugned on the ground, that as
the court has decided in another case, the
creditor might appeal on the refusal to grant
such an order it must follow, the syndic enjoys
the same right if it be accorded.    And we have
been told that " if justice be even handed,
that which is meted to defendant, is meted to
plaintiff."    The remark is certainly true,
if the parties stand in the same situation ; but

a little reflection is sufficient to shew that in this instance they do not; and as the effect of the decision was not the same on both, their rights cannot be similar.

East'n District.
May, 1824.

BARGEBUR &
AL.
vs.
THEIR CREDI-
TORS.

This is manifest by a moment's consideration of the consequences of such an order; and first as to the creditor. If the application be rejected, there is an end put to all enquiry and investigation; the right is concluded, and should the syndic be wasting or misapplying the money intrusted to him, an irreparable injury may be done by denying the motion.

The granting it on the contrary, commences an enquiry into the conduct of the syndic; but decides nothing as to the correctness of it, and leaves him open to appeal from any order that may hereafter be rendered, which really affects his interests.

Supposing the right of a creditor to have a syndic, who was acting improperly removed, to be the same, as that of a syndic, who was faithfully discharging his duty not to be displaced, the decision which refuses a motion of this kind, is precisely alike in its effect, on the former, as an order of removal would be on the latter, so as to any other consequence that would follow the enquiry.

BARGEBUR & AL.
vs.
THEIR CREDITORS.

Therefore until some erroneous decision be made, after the investigation is gone into, on matters affecting the interests of the syndic, he cannot stand with the same rights as the creditor to whom all enquiry is denied. There is the same difference which exists between proceeding to try a cause, and non-suiting the plaintiff.

The counsel for the syndic has contended with a great deal of earnestness, that the decision, which compelled him to produce his book, was a grievance irreparable, because he might be called on every day and every hour to shew it,—that if $A$ has this right, $B$ has, and so on through the alphabet. We suppose they have, and think it very proper they should ; and if the appellant feels it a great and intolerable hardship, to be compelled to give this satisfaction, to any who claim an interest in enquiring into his conduct, he should resign ; for his complaint can find neither sympathy nor relief from this tribunal. And even if the order be made at the request of one not interested, still as we have already said, it works no irreparable injury.

Several cases heretofore decided in this court, shew that the denial of a right claimed,

OF THE STATE OF LOUISIANA.

furnishes ground for an appeal, when the granting of it would not:—refusing a continuance or a new trial, have been held sufficient to enable the party to bring the cause up; according them has not. 4 *Martin*, 489, *ibid.* 508, 11, 14, *ibid.* 268, 12, *ibid.* 488.